Vern H. FEGUER and Gladys Feguer, Plaintiffs,

v.

Jim M. BROWN, Defendant.

Civ. No. 736.

United States District Court
N. D. Indiana, Fort Wayne Division.
May 6, 1955.

Sinas & Dramis, Lansing, Mich., for plaintiffs.

Barrett, Barrett & McNagny, Fort Wayne, Ind., for defendant.

PARKINSON, District Judge.

This is an action in damages for alleged injury to person and property founded upon a complaint in one paragraph to which the defendant has addressed an answer in two paragraphs, one in admission and denial and the other pleading contributory negligence.

Upon the issues thus joined the cause was submitted to the Court, and it is the cause on the merits which now solicits the decision of this Court.

Section 47–2120, Burns' 1952 Replacement, provides as follows:

"(a) Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event, a sufficient unobstructed width of the roadway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred [200] feet in each direction upon such highway.

"(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

It is the law that an operator of a motor vehicle upon a public highway in Indiana who, without legal excuse, violates a law of this state regulating the operation of motor vehicles is guilty of negligence, and it is also the law in Indiana that a plaintiff who is guilty of contributory negligence can not recover.

Whether the defendant was guilty of negligence, a question which we do not decide, is unimportant to a decision of this case because the evidence, by a preponderance thereof, establishes the fact that the plaintiff, Vern H. Feguer, without legal excuse, violated the quoted statute and he did so at the direction of the plaintiff, Gladys Feguer, who was riding in his car with him, and accordingly the plaintiffs are barred from recovery.

Therefore, the Court having considered all of the evidence, the arguments of counsel and the law applicable thereto, does now make the following

## Findings of Fact

### 1.

On March 29, 1952, the plaintiff, Vern H. Feguer, was the owner of a 1951 Ford automobile which he was operating in a northerly direction on State Road 427, a paved public highway in the State of Indiana, with his wife, the plaintiff, Gladys Feguer, riding with him in the front seat thereof.

### 2.

At a point on said State Road 427 about 4½ miles south of Auburn, Indiana, outside of a business or residence district, a farmer had started a brush fire on the east side of said highway with the smoke therefrom blowing across said highway, and as plaintiffs approached the smoke, the plaintiff, Vern H. Feguer, slowed his automobile to a speed of about 25 miles per hour and started through the smoke on the highway, and when the smoke became quite

dense the plaintiff, Gladys Feguer, told the plaintiff, Vern H. Feguer, to stop the car and he did so in his normal lane of traffic on the paved portion of said highway at a point where there was a wide berm to his right of more than ample width to have driven off of the main traveled part of said highway and when it was practicable for him to have stopped and parked his automobile off of the paved part of said highway.

3.

While the plaintiffs were seated in the automobile of the plaintiff, Vern H. Feguer, so stopped on the paved part of said State Road 427, the defendant was driving his 1941 Packard automobile in a northerly direction on said highway and as he approached the point on the highway where the automobile of the plaintiff, Vern H. Feguer, was stopped in the smoke on the paved portion of the highway, he saw the smoke and slowed the speed of his automobile to about 25 miles per hour, turned on the headlights of his car, entered the smoke and collided with the rear of the automobile of the plaintiff, Vern H. Feguer, stopped in his lane of traffic on the paved part of said highway, with resultant damage to both automobiles.

4.

The stopping of the automobile of the plaintiff, Vern H. Feguer, by him at the direction of the plaintiff, Gladys Feguer, on the paved part of said State Highway 427 when it was practicable to stop his automobile off of said paved part of the highway was a proximate cause of the resultant injury to the plaintiffs and contributed thereto.

Upon the foregoing findings of fact, the Court does now state its

## Conclusions of Law

1.

This Court has jurisdiction of the parties to and the subject matter of this action.

2.

The stopping of the car of the plaintiff, Vern H. Feguer, by him at the direction of the plaintiff, Gladys Feguer, on the paved part of State Road 427 outside of a business or residence district was in violation of a statute of the State of Indiana, not within any exception thereto and without any legal excuse therefor.

3.

The stopping of the car of the plaintiff, Vern H. Feguer, by him at the direction of the plaintiff, Gladys Feguer, on the paved part of State Road 427 outside of a business or residence district in violation of a statute of the State of Indiana, not within any exception thereto and without any legal excuse therefor, constituted contributory negligence on the part of both of the plaintiffs and was a proximate cause of the collision.

4.

The plaintiff, Vern H. Feguer, was guilty of negligence which proximately contributed to the injuries and damage complained of.

5.

The plaintiff, Gladys Feguer, was guilty of negligence which proximately contributed to the injuries and damage complained of.

6.

The plaintiffs were both guilty of contributory negligence.

7.

Neither plaintiff is entitled to recover from the defendant.

8.

The defendant is entitled to a judgment that the plaintiffs take nothing by reason of their complaint herein.

The clerk is ordered to enter judgment for the defendant that the plaintiffs take nothing by reason of their complaint herein at the costs of the plaintiffs.